The Full Commission has reviewed this matter based upon the record of the proceedings before Deputy Commissioner Pamela T. Young and the briefs and arguments on appeal. The appealing party has not shown good ground to receive further evidence or to amend the prior Opinion and Award. Accordingly, the Full Commission affirms and adopts the Deputy Commissioners holding and enters the following Opinion and Award.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing on 21 July 1999 as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. An employment relationship existed between plaintiff and defendant-employer at all times relevant herein.
3. The parties stipulated that Mr. Eid is the sole owner and president of his incorporated business, Hard Luck Café d/b/a Riz Raz Café. He had no workers compensation insurance coverage on 22 June 1998 because he was in the process of changing coverage. Mr. Eid secured workers compensation coverage with Granite State Insurance Company on 24 June 1998, which was effective 24 June 1998 through 24 June 1999 and he is currently covered from 24 June 1999 through 24 June 2000.
4. The issues presented are:
a) Whether plaintiff sustained an injury by accident to her back in the course of her employment with defendant on 22 June 1998?
b) Whether the plaintiff is entitled to any benefits under the North Carolina Workers Compensation Act?
***********
Based upon the evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. At the time of the hearing on 21 July 1999, plaintiff was a 24 year old high school graduate.
2. Mohamed Eid, a mechanical engineer, was the sole owner of the Hard Luck Café d/b/a Riz Raz Café on 22 June 1998.
3. Plaintiff began working for defendant-employer as a waitress in 1997. Plaintiff worked approximately 40 hours per week.
4. On 22 June 1998, plaintiff alleges that she reported to work for defendant-employer at approximately 5:30 a.m. and that while carrying a tray loaded with jellies, she tripped over a chair and fell on her hands and knees. There were no witnesses to plaintiffs alleged fall. Furthermore, plaintiffs time sheet, on which times were recorded by her in her handwriting, reflects that she in fact arrived at work on the date in question at 8:15 a.m. Therefore, plaintiffs testimony regarding the circumstances of her alleged fall is not accepted as being credible.
5. At the hearing on 21 July 1999, plaintiff further testified that she reported her fall to Mr. Eid five minutes after she fell. However, Mr. Eid testified that plaintiff never told him she hurt her back at work.
6. Plaintiff completed her shift on 22 June 1998. Plaintiff did not report to work on 23 June 1998 due to low back pain and leg pain.
7. On 25 June 1998, plaintiff self referred to Robert B. Boyer, a chiropractor, where she reported falling onto her knees at work. Plaintiff complained of low back pain. Dr. Boyer took the plaintiff out of work for three days.
8. On 29 June 1998, plaintiff self referred to S. David Ciliberto, an orthopaedic surgeon. Plaintiff was seen by Dr. Cilibertos associate, Dr. Robert Kimber, also an orthopaedic surgeon, where she reported falling at work while carrying a tray. However, for the first time, plaintiff reported that she "fell to her knees and then fell back to prevent herself from falling on her face.
9. Dr. Robert Kimber diagnosed plaintiff with lumbosacral strain and ordered an MRI which revealed intervertebral disc degeneration and a small central disc herniation at the L4-5 level.
10. On 14 July 1998, Dr. Ciliberto performed a lumbar epidural steroid injection on the plaintiff and referred her to physical therapy. Plaintiff and Dr. Ciliberto also discussed surgery, but plaintiff declined surgery.
11. Dr. Ciliberto opined that as of 24 August 1998, plaintiff had reached maximum medical improvement and assigned a permanent partial disability rating of 10% to her back.
12. Plaintiff testified at the hearing on 21 July 1999 that she had previously performed heavy duty work as a house cleaner. Plaintiff also testified that she has helped her father in his farming business all of her life and continues to help him, including shoveling shavings on the farm.
13. At the hearing on 21 July 1999, two of defendant-employers employees, Polly Davis and Barry Brunson, testified that neither of them saw plaintiff fall at work, but that plaintiff reported to them that she had been in a motor vehicle accident where she hurt her back and that plaintiff often spoke of prior back pain. Also at the hearing on 21 July 1999, Mr. Eid testified that plaintiff had called in sick due to backaches on prior occasions.
14. Based upon the record of evidence, the Full Commission gives more weight to the testimony of Mr. Eid and his witnesses.
15. The competent evidence in the record, including the medical evidence, fails to establish that plaintiff sustained an injury by accident to her back at work for defendant-employer on 22 June 1998. Plaintiff has failed to prove that her symptoms are causally related to any injury by accident on 22 June 1998.
***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course and scope of her employment with defendant-employer on 22 June 1998. N.C. GEN. STAT. 97-2(6).
2. Plaintiff failed to carry the burden of proof to establish that she was injured at work and therefore she is not entitled to benefits under the Act. Id.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Plaintiffs claim is and under the law must be DENIED.
2. Each side shall pay its own costs.
S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/________________ RENÉE C. RIGGSBEE COMMISSIONER
S/___________________ BERNADINE S. BALLANCE COMMISSIONER